IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 16-cv-01627-CMA-STV

LIVE FACE ON WEB, LLC, a Pennsylvania company,

    Plaintiff,

v.

INTEGRITY SOLUTIONS GROUP, INC.,

    Defendant.

---

**ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

This matter is before the Court upon the parties' competing Motions for Summary Judgment.

Plaintiff Live Face On Web, LLC, moved for summary judgment on its sole claim against Defendant Integrity Solutions Group, Inc., on January 16, 2018. (Doc. # 114.) Defendant responded in opposition to Plaintiff's Motion for Summary Judgment on March 5, 2018 (Doc. # 137), and Plaintiff filed a Reply in support of its motion on March 19, 2018 (Doc. # 148).

Defendant filed its Motion for Summary Judgment on January 17, 2018.[1] (Doc. # 122.) Plaintiff responded in opposition to Defendant's motion on March 5, 2018 (Doc. # 138), to which Defendant replied on March 19, 2018 (Doc. # 149).

The Court, having reviewed all filings and relevant case law and being fully advised in the premises, denies in part and grants in part Plaintiff's Motion for Summary Judgment and denies Defendant's Motion to Summary Judgment.

## I.     SUMMARY JUDGMENT STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it is essential to the proper disposition of the claim under the relevant substantive law. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee, Okl.*, 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.* However, conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact and entitlement to judgment as a matter of law. *Id.* In

---

[1] Defendant styles its motion as a motion for **partial** summary judgment. (Doc. # 122.) However, Defendant requests that the Court enter summary judgment in its favor on Plaintiff's sole claim. *See* (*id.* at 12.) The Court therefore refers to Defendant's motion as its Motion for Summary Judgment.

attempting to meet this standard, a movant who does not bear the ultimate burden of persuasion at trial does not need to disprove the other party's claim; rather, the movant need simply point out to the Court a lack of evidence for the other party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant has met its initial burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Id.* Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671. Stated differently, the party must provide "significantly probative evidence" that would support a verdict in her favor. *Jaramillo v. Adams Cty. Sch. Dist. 14*, 680 F.3d 1267, 1269 (10th Cir. 2012). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.*

## II. <u>**DISCUSSION**</u>

### A. **PLAINTIFF'S COPYRIGHT INFRINGEMENT CLAIM**

Upon review of the parties' filings and the evidence referenced therein, the Court determines that genuine issues of material fact preclude the Court from entering summary judgment in favor of either party on Plaintiff's sole claim of copyright infringement. *See* (Doc. # 1 at 9–12.) Among the genuine issues of material fact:

3

- Whether Plaintiff owns a valid copyright;

- Whether Defendant copied Plaintiff's code;

- Whether Defendant hosted the relevant code on its servers or housed them on a third party's servers.

As such, neither party is entitled to summary judgment on Plaintiff's claim of copyright infringement.

**B.    DEFENDANT'S AFFIRMATIVE DEFENSES**

Defendant asserted nineteen affirmative defenses in its Answer.  (Doc. # 10 at 7–9.)  Plaintiff moves for summary judgment on several of Defendant's affirmative defenses: (1) its innocent and good faith infringer affirmative defense; (2) its statute of limitations defense; (3) its laches affirmative defense; (4) its res judicata affirmative defense; (5) its collateral estoppel defense; (6) its equitable estoppel affirmative defense; (7) its copyright misuse affirmative defense; (8) its failure to join an indispensable party defense; (9) its exhaustion and first sale defenses; and (10) its fair use affirmative defense.  (Doc. # 114 at 15–22.)  Defendant concedes in its Response that it "cannot maintain its affirmative defenses of laches, first sale, lack of notice, collateral estoppel, equitable estoppel, failure to join an indispensable party, exhaustion, and fair use."  (Doc. # 137 at 19.)  The Court therefore grants Plaintiff's Motion for Summary Judgment as to these affirmative defenses.

4

## III. CONCLUSION

Accordingly, the Court ORDERS that Plaintiff's Motion for Summary Judgment (Doc. # 114) is DENIED IN PART as to its claim for copyright infringement and certain affirmative defenses asserted by Defendant. It is

FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (Doc. # 114) is GRANTED IN PART as to the following affirmative defenses asserted by Defendant: "laches, first sale, lack of notice, collateral estoppel, equitable estoppel, failure to join an indispensable party, exhaustion, and fair use." *See* (Doc. # 137 at 19.) It is

FURTHER ORDERED that Defendant's Motion for Summary Judgment (Doc. # 122) is DENIED.

DATED: June 26, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge