IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 16-cv-01627-CMA-STV

LIVE FACE ON WEB, LLC, a Pennsylvania company,

    Plaintiff,

v.

INTEGRITY SOLUTIONS GROUP, INC.,

    Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S JUNE 26, 2018, ORDER ON PARTIES' MOTIONS FOR SUMMARY JUDGMENT**

---

    This matter is before the Court on Plaintiff's Motion for Reconsideration (Doc. # 167), wherein Plaintiff requests that the Court reconsider its June 26, 2018, Order Denying in Part and Granting in Part Plaintiff's Motion for Summary Judgment and Denying Defendant's Motion for Summary Judgment (Doc. # 164).

    The Federal Rules of Civil Procedure do not explicitly authorize a motion for reconsideration. However, the Rules allow a litigant who was subject to an adverse judgment to file a motion to change the judgment pursuant to Rule 59(e) or a motion seeking relief from the judgment pursuant to Rule 60(b).[1] *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). The grounds warranting reconsideration are limited and occur only in "exceptional situation[s]." *Proctor & Gamble v. Haugen*, 222

---

[1] Plaintiff fails to cite either Rule in its Motion for Reconsideration and thus fails to comply with D.C.Colo.LCivR 7.1(d). *See* (Doc. # 167.)

F.3d 1262, 1271 (10th Cir. 2000). "Absent extraordinary circumstances . . . the basis for the second motion must not have been available at the time the first motion was filed." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Grounds warranting a motion to reconsider include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* A motion for reconsideration is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing. *See Van Skiver*, 952 F.2d at 1243.

Plaintiff fails to allege an "exceptional situation," *see Proctor & Gamble*, 222 F.3d at 1271, warranting reconsideration. *See* (Doc. # 167.) Plaintiff does not argue "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *See Servants of the Paraclete*, 204 F.3d at 1012; (Doc. # 167.) Plaintiff merely reprises arguments that the Court previously rejected: that Defendant failed "to rebut the presumption of validity" for the copyright on Plaintiff's LFOW Code, and that Defendant's expert report from Ms. Miracle is "unsworn hearsay" and therefore inadmissible summary judgment evidence. (Doc. # 167 at 2–3.) It argued the first point in its Response to Defendant's Motion for Summary Judgment (Doc. # 138 at 9–13) and the second in its Reply in Support of Its

Motion for Summary Judgment (Doc. # 148 at 2 n.1).[2]  Reconsideration is not appropriate to revisit these arguments.  *See Van Skiver*, 952 F.2d at 1243.

    Accordingly, for these reasons and those set forth in this Court's previous Order on Parties' Motions for Summary Judgment (Doc. # 164), the Court DENIES Plaintiff's Motion for Reconsideration.  (Doc. # 167.)

DATED:  July 20, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[2] Plaintiff also objects to Ms. Miracle's testimony and report in its Motion to Exclude or Limit Ms. Miracle's Testimony.  (Doc. # 166.)