IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 16-cv-01627-CMA-STV

LIVE FACE ON WEB, LLC, a Pennsylvania company,

    Plaintiff,

v.

INTEGRITY SOLUTIONS GROUP, INC.,

    Defendant.

---

# ORDER DENYING A STAY OF EXECUTION ON JUDGMENT
---

This matter is before the Court on Defendant Integrity Solutions Group, Inc.'s Renewed Motion to Stay Execution of Judgment. (Doc. # 244.) The Court denies Defendant's Motion for the reasons detailed below.

## I.    BACKGROUND INFORMATION

United States Magistrate Judge Scott T. Varholak detailed the factual background of this matter in his Recommendation on the Motion to Dismiss, issued March 14, 2017. (Doc. # 61.) The Recommendation in incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(A); Federal Rule of Civil Procedure 72(a). The Court will detail only the subsequent procedural history relevant to the Motion now before it.

On October 5, 2018, after a four-day jury trial on Plaintiff's claim for copyright infringement, the jury returned a verdict for Plaintiff and determined that Plaintiff's actual

damages from Defendant's infringement were $262,197.00.  *See* (Doc. # 216.)  The Clerk of the Court entered judgment in favor of Plaintiff and against Defendant in that amount, with post-judgment interest accruing at the legal rate of 2.59% ("the Judgment").  (Doc. # 217.)

On October 22, 2018, Plaintiff began executing the Judgment.  It filed several Applications for Writs of Garnishment directed to Defendant's vendors or customers (Doc. ## 228–33), which the Clerk of the Court issued on the same day (Doc. ## 234–39).

The following day, October 23, 2018, Defendant filed the Motion to Stay Execution of Judgment presently before the Court.  (Doc. # 244.)  Defendant asserts that it intends to file post-trial motions "that may result in the judgment being vacated or reduced" by the deadline for it to do so under Federal Rules of Civil Procedure 50 and 59, November 2, 2018.  (*Id.* at 1–2.)  It argues that "before this Court has a chance to rule on [its] post-trial motions," the Writs of Garnishment will permanently "disrupt Integrity's business."  (*Id.* at 2.)  Defendant's owner, Mr. Michael Kirschbaum, avers in an accompanying declaration that Defendant's "business is highly based on personal relationships and trust," and that these relationships are "permanently damaged" by Plaintiff's attempts to execute the Judgment.  (Doc. # 244-1 at 1.)  Mr. Kirschbaum also states that Defendant's customers can "easily find a service provider to replace [Defendant]."  (*Id.*)  Defendant therefore requests that pursuant to Federal Rule of Civil Procedure 62(b), the Court stay the execution of the Judgment "while it considers post-

trial motions." (Doc. # 244 at 4.) As to bond, Defendant cursorily states that it "does not have the resources to post a bond." (*Id.* at 5.)

Plaintiff responded in opposition to Defendant's Motion to Stay Execution of Judgment one day later.[1] (Doc. # 249.) Plaintiff argues that Defendant has made "no showing of unusual circumstances sufficient to justify a stay without bond." (*Id.* at 2.) It states that "the evidence at trial suggested Defendant has sufficient revenue . . . to cover the expense of a bond." (*Id.* at 4.) Plaintiff also raises its concern that "Defendant is attempting to fraudulently transfer and/or dissipate its assets to avoid collection," presenting evidence that "Defendant's principal has moved to Branson, Missouri;" that his wife is listed as the registered agent for a new, Missouri-based entity, Ecxpro, LLC, with a similar purpose to that of Defendant; and that Defendant's website was, at various points after the trial, forwarding visitors to the website for Ecxpro, LLC. (*Id.* at 2–3.)

Defendant filed a Reply in support of its request on October 29, 2018. (Doc. # 255.) It first denies attempting to fraudulently transfer or dissipate its asserts to avoid collection of the Judgment, faulting Plaintiff's Response for being "rife with speculation and false assertions." (*Id.* at 1.) As to Plaintiff's argument regarding Defendant's ability to cover the expense of a bond, Defendant provides a second declaration from Mr. Kirschbaum, in which he states that Defendant "has no assets to post a bond because it has been forced to incur legal fees and expenses these past two years to defend this

---

[1] Plaintiff's Response addresses Rule 62(d), which concerns a stay where an appeal is taken. *See* (Doc. # 249.) Defendant seeks relief under a different subsection, Rule 62(b).

case and these costs and expenses have dissipated [its] assets." (Doc. # 255-1 at 2.) Mr. Kirschbaum claims that Defendant has incurred more than $100,000.00 to defend against Plaintiff's action. (*Id.*)

## II. APPLICABLE LEGAL PRINCIPLES

Federal Rule of Civil Procedure 62 provides for stays pending the disposition of certain post-trial motions:

> On appropriate terms for the opposing party's security, the court may stay the execution of a judgment—or any proceedings to enforce it—pending disposition of any of the following motions:
> (1) under Rule 50, for judgment as a matter of law;
> (2) under Rule 52(b), to amend the findings or for additional findings;
> (3) under Rule 59, for a new trial or to alter or amend a judgment; or
> (4) under Rule 60, for relief from a judgment or order.

Fed. R. Civ. P. 62(b). The decision to stay the execution of a judgment is within the sound discretion of the court. *Honeywell Int'l., Inc. v. Universal Avionics Sys. Corp.*, 397 F. Supp. 2d 537, 548 (D. Del. 2005). "The party requesting the stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). Four factors bear on the court's determination: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." (*Id.* at 434) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). *See, e.g., Wilson Research Corp. v. Piolite Plastics Corp.*, 234 F. Supp. 234, 235 (D. Mass. 1964) (where determining whether to

4

stay execution of the judgment under to Rule 62(b), assessing whether there was a possibility that the applicant's Rule 60 motion would be successful).

If the court stays the execution of a judgment pending the resolution of a post-trial motion, it **must** fix "appropriate terms for the opposing party's security." Fed. R. Civ. P. 62(b); *Peacock v. Thomas*, 516 U.S. 349, 359 n.8 (1996). *See also Fox v. Pittsburg State Univ.*, 319 F.R.D. 342, 343 (D. Kan. 2017); *Ark. River Power Auth. v. Babcock & Wilcox Power Co.*, No. 14-cv-00638-CMA-NYW, 2016 WL 9725406, *1 (D. Colo. Dec. 1, 2016). The appropriate terms for the opposing party's security "need not necessarily include a supersedeas bond, although courts typically require security in the form of a bond." *Ark. River Power Auth.*, 2016 WL 9725406 at *1 (citing *Gen. Steel Domestic Sales, LLC v. Chumley*, No. 10-cv-01398-PAB-KLM, 2013 WL 2634640, *1 (D. Colo. June 12, 2013); *Ireland v. Dodson*, No. 07-4082-JAR, 2009 WL 1559784, *1 (D. Kan. May 29, 2009)). "When a court orders that a bond is required, the court has discretion to determine the sum necessary to secure a stay pursuant to Rule 62(b)." *Id*. Generally, the bond is "the full amount of the judgment." *Id*. (quoting *Strong v. Laubach*, 443 F.3d 1297, 1299 (10th Cir. 2006)).

### III. <u>ANALYSIS</u>

Defendant has twice declared that it "does not have the resources to post a bond." (Doc. # 244 at 5); *see also* (Doc. # 255-1 at 2) ("Integrity has no assets to post a bond."). Additionally, Defendant makes no effort to propose alternative "appropriate terms for the opposing party's security." *See* Fed. R. Civ. P. 62(b).

Because Defendant is unwilling—and allegedly unable—to afford Plaintiff **any** security if the Court stays execution of the Judgment, Defendant's request for a stay of execution under Rule 62(b) must be denied. Rule 62(b) plainly requires the party requesting the stay to secure any stay, and it follows that where, as here, the party requesting the stay is unwilling to do so, it is not entitled a stay of execution of the judgment. The Court therefore need not address the four factors bearing on whether a stay of execution of judgment is warranted in the first place.

## IV. CONCLUSION

For the foregoing reason, the Court DENIES Defendant's Motion to Stay Execution of Judgment (Doc. # 244).

DATED: October 30, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge