IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 16-cv-01627-CMA-STV

LIVE FACE ON WEB, LLC, a Pennsylvania company,

    Plaintiff,

v.

INTEGRITY SOLUTIONS GROUP, INC.,

    Defendant.

---

## ORDER DENYING A STAY OF EXECUTION OF JUDGMENT

This matter is before the Court on Defendant Integrity Solutions Group, Inc.'s Second Renewed Motion to Stay Execution of Judgment. (Doc. # 272.) The Court denies Defendant's Motion for the reasons detailed below.

### I.    BACKGROUND

United States Magistrate Judge Scott T. Varholak detailed the factual background of this matter in his Recommendation on the Motion to Dismiss, issued March 14, 2017. (Doc. # 61.) The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The Court will detail only the subsequent procedural history relevant to the Motion now before it.

As the Court explained in its Order Denying Defendant's First Renewed Motion to Stay Execution of Judgment (Doc. # 256), a four-day jury trial on Plaintiff Live Face on Web, LLC's copyright infringement claim resulted in the jury awarding Plaintiff

$262,197.00 in actual damages.  See (Doc. # 216.)  On October 5, 2018, the Clerk of the Court entered judgment in that amount, plus post-judgment interest, in Plaintiff's favor (the "Judgment").  (Doc. # 218.)

On October 22, 2018, Plaintiff began executing the Judgment by applying for and receiving several writs of garnishment directed to Defendant's vendors and customers.  (Doc. ## 228–39.)  Defendant filed its First Renewed Motion to Stay Execution of Judgment on the following day, October 23, 2018, and requested that the Court stay execution of the Judgment pursuant to Federal Rule of Civil Procedure 62(b) until the Court ruled on Defendant's then-forthcoming post-trial motions.  (Doc. # 244.)  Defendant stated that it did not have the resources to post a bond.  (Id. at 5.)  Plaintiff responded in opposition to Plaintiff's request on October 24, 2018 (Doc. # 249), to which Defendant replied on October 29, 2018 (Doc. # 255).

The Court denied Defendant's First Renewed Motion to Stay Execution of Judgment on October 30, 2018.  (Doc. # 256.)  It concluded that it could not grant Defendant's request to stay execution of the Judgment because Defendant was unwilling to meet any "appropriate terms for the opposing party's security" as required by Rule 62(b).  (Id. at 5–6); Fed. R. Civ. P. 62(b).  Having reached that conclusion, the Court declined to address the four factors bearing on whether a stay of execution of judgment is warranted.  (Doc. # 256 at 6.)

Also on October 30, 2018, Plaintiff filed applications for and the Clerk of the Grant issued writs of garnishment directed at Defendant's counsel, the Schneider Rothman IP Law Group and the T. Walsh Law Firm, Ltd.  (Doc. ## 257–58, 261–62.)

The Schneider Rothman IP Law Group answered on November 13, 2018, stating that it did not possess or control any personal property of Defendant, the judgment debtor, and did not owe any rents, payments, obligations, debts, or money to Defendant. (Doc. # 290.) The T. Walsh Law Firm answered on November 13, 2018 as well, but it stated that it possessed $22,149.72 in "client retainer funds held in firm's COLTAF account." (Doc. # 286 at 2.)

Defendant filed its Second Renewed Motion for Stay of Execution of Judgment on November 2, 2018. (Doc. # 272.) In response to the Court's statement that Rule 62(b) plainly requires the party requesting a stay to post a security, Defendant proffers:

> As of the date and time of service of the Writ of Garnishment [to the T. Walsh Law Firm] by Plaintiff, [the T. Walsh Law Firm] holds the sum of $22,149.72 in its client trust account on behalf of [Defendant.] . . . Defendant requests that [it] be permitted to instruct its counsel to deposit $22,149.72[,] to be deposited onto the Court's registry[,] to serve as a security to support the present Motion.

(*Id.* at 2.) Defendant also argues that a stay is appropriate under the four relevant factors because: (1) its contemporaneously-filed motions for post-judgment relief, *see* (Doc. ## 270–71, 284–85), make a strong showing that it is likely to succeed on the merits; (2) Defendant "continues to incur costs and [sic] related to this trial;" (3) the "deposit of these funds into the Court's registry . . . would not substantially injure the Plaintiff;" and (4) the "public interest supports a party such as allowing Integrity [sic] a brief respite from the aggressive post-judgment actions of the Plaintiff in order to put forth its post-judgment motions" and conduct other post-trial work. (Doc. # 272 at 3–4.)

Plaintiff responded in opposition to Defendant's renewed request for a stay on November 6, 2018. (Doc. # 275.) Plaintiff first argues that Defendant's proposal to

3

deposit the $22,149.72 sum held by the T. Walsh Law Firm in its client trust account on Defendant's behalf "is no offer of security at all" because those funds "have been properly garnished—frozen—and the Defendant has no right to direct what happens to those funds." (*Id.* at 2.)  Plaintiff also asserts that Defendant has "not objectively shown it cannot afford to provide [Plaintiff] security in the full amount of judgment." (*Id.*)  Finally, turning to the four factors bearing on a stay pursuant to Rule 62(b), Plaintiff argues that Defendant fails to make a strong showing that it will prevail in its post-trial motions because Defendant's positions in those motions are "simply a rehash of theories considered and rejected by this Court and the Jury" or "were waived by virtue of a failure to raise them at trial pursuant to Rule 50(a)." (*Id.* at 5.)

Defendant filed its Reply on November 10, 2018.  (Doc. # 283.)  It rebuts each of Plaintiff's arguments, asserting that "the amount pledged functions as a security under Rule 62," that Plaintiff "possess[es] objective evidence of Defendant's decline in revenues," and that Defendant "meets its burden under the four Rule 62 factors." (*Id.* at 2–4.)

## II. **APPLICABLE LEGAL PRINCIPLES**

Federal Rule of Civil Procedure 62 provides for stays pending the disposition of certain post-trial motions:

> On appropriate terms for the opposing party's security, the court may stay the execution of a judgment—or any proceedings to enforce it—pending disposition of any of the following motions:
> (1) under Rule 50, for judgment as a matter of law;
> (2) under Rule 52(b), to amend the findings or for additional findings;
> (3) under Rule 59, for a new trial or to alter or amend a judgment; or
> (4) under Rule 60, for relief from a judgment or order.

Fed. R. Civ. P. 62(b). The decision to stay the execution of a judgment is within the sound discretion of the court. *Honeywell Int'l., Inc. v. Universal Avionics Sys. Corp.*, 397 F. Supp. 2d 537, 548 (D. Del. 2005). "The party requesting the stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). Four factors bear on the court's determination: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." (*Id.* at 434) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). *See, e.g., Wilson Research Corp. v. Piolite Plastics Corp.*, 234 F. Supp. 234, 235 (D. Mass. 1964) (where determining whether to stay execution of the judgment under to Rule 62(b), assessing whether there was a possibility that the applicant's Rule 60 motion would be successful).

If the court stays the execution of a judgment pending the resolution of a post-trial motion, it **must** fix "appropriate terms for the opposing party's security." Fed. R. Civ. P. 62(b); *Peacock v. Thomas*, 516 U.S. 349, 359 n.8 (1996). *See also Fox v. Pittsburg State Univ.*, 319 F.R.D. 342, 343 (D. Kan. 2017); *Ark. River Power Auth. v. Babcock & Wilcox Power Co.*, No. 14-cv-00638-CMA-NYW, 2016 WL 9725406, *1 (D. Colo. Dec. 1, 2016). The appropriate terms for the opposing party's security "need not necessarily include a supersedeas bond, although courts typically require security in the form of a bond." *Ark. River Power Auth.*, 2016 WL 9725406 at *1 (citing *Gen. Steel Domestic Sales, LLC v. Chumley*, No. 10-cv-01398-PAB-KLM, 2013 WL 2634640, *1

(D. Colo. June 12, 2013); *Ireland v. Dodson*, No. 07-4082-JAR, 2009 WL 1559784, *1 (D. Kan. May 29, 2009)). "When a court orders that a bond is required, the court has discretion to determine the sum necessary to secure a stay pursuant to Rule 62(b)." *Id.* Generally, the bond is "the full amount of the judgment." *Id.* (quoting *Strong v. Laubach*, 443 F.3d 1297, 1299 (10th Cir. 2006)).

In lieu of a bond, the court may give the stay applicant "the opportunity to post security in a form other than a bond." Fed. R. Civ. P. 62(b) advisory committee's note to the 2018 amendment; *see Poplar Grove Planting & Refining Co., Inc., v. Balche Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979) ("if the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden, the court . . . is free to exercise a discretion to fashion some other arrangement for substitute security . . . which would furnish equal protection to the judgment creditor.") However, "only 'extraordinary circumstances' will support the provision of security other than a supersedeas bond." *U.S. on Behalf of Small Bus. Admin. v. Kurtz*, 528 F. Supp. 1113, 1115 (E.D. Pa. 1981) (internal citation omitted). The burden is on the stay applicant to "objectively demonstrate the reasons for such a departure" from the "usual requirement of a full supersedeas bond." *Poplar Grove*, 600 F.2d at 1191. The burden is also on the stay applicant "to propose a plan that will provide adequate (or as adequate as possible) security" for the judgment creditor. *U.S. on Behalf of Small Bus. Admin.*, 528 F. Supp. at 1115; *see Endress + Hauser, Inc. v. Hawk Measurement Sys. Pty. Ltd.*, 932 F. Supp. 1147, 1149 (S.D. Ind. 1996).

### III. ANALYSIS

Defendant represents that its "financial circumstances . . . have not materially changed for the better since the filing" of its First Renewed Motion to Stay (Doc. # 244), thereby implying that it still does not have assets with which to post a bond. (Doc. # 272 at 2.) It proposes that it can provide adequate security by instructing its counsel, the T. Walsh Law Firm, to deposit $22,149.72—which the T. Walsh Law Firm holds as a retainer in its client trust account for Defendant—into the Court's registry as security. (*Id.*)

However, these funds—the $22,149.72 retainer held in the T. Walsh Law Firm's client trust account—have been subject to a writ of garnishment since October 31, 2018, four days **before** Plaintiff filed its Second Renewed Motion to Stay and suggested use of his retainer fee as security. *See* (Doc. # 262) (writ of garnishment as to the T. Walsh Law Firm issued October 30, 2018); (Doc. # 272 at 1) (The T. Walsh Law Firm "was served by the Plaintiff with a Writ of Garnishment . . . on October 31, 2018"). The writ explicitly instructs the T. Walsh Law Firm "[t]o hold, pending court order, any personal property owed to or owned by the Judgment Debtor and in [its] possession or control on the date and time th[e] Writ was served upon you." (Doc. # 262 at 1.) The T. Walsh Law Firm is therefore unable to direct Defendant's retainer, $22,149.72, into the Court's registry or elsewhere. The funds have effectively been frozen by the valid writ of garnishment. *See generally* Colo. R. Civ. P. 103(4). Accordingly, Defendant fails to carry its burden to propose a plan that would provide adequate security to Plaintiff should a stay of execution of the Judgment issue. See *U.S. on Behalf of Small Bus.*

7

*Admin.*, 528 F. Supp. at 1115. Pursuant to Rule 62(b)'s requirement of a bond or other security, the Court must therefore deny Defendant's Second Renewed Motion to Stay Execution of Judgment. (Doc. # 272.)

As in its Order Denying Plaintiff's First Renewed Motion to Stay Execution of Judgment (Doc. # 256), it is unnecessary for the Court to analyze the four factors bearing on whether a stay of execution of judgment is warranted in the first place and to determine whether $22,149.72 is sufficient security.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court DENIES Defendant's Second Renewed Motion to Stay Execution of Judgment (Doc. # 272).

DATED: December 6, 2018

BY THE COURT:

_Christine M Arguello_
CHRISTINE M. ARGUELLO
United States District Judge