IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 16-cv-01627-CMA-STV

LIVE FACE ON WEB, LLC, a Pennsylvania company,

　　Plaintiff,

v.

INTEGRITY SOLUTIONS GROUP, INC.,

　　Defendant.

---

**ORDER DENYING MOTION FOR SANCTIONS UNDER 28 U.S.C. § 1927**

---

　　This matter is before the Court on Plaintiff Live Face on Web, LLC's Motion for Sanctions under 28 U.S.C. § 1927 (Doc. # 332). Pursuant to that statute, Plaintiff seeks to hold Defendant Integrity Solutions Group, Inc.'s counsel ("Integrity Counsel") personally liable for Plaintiff's award of reasonable attorneys' fees, costs, and expenses. Although Integrity held unreasonable positions and committed misconduct throughout this litigation, this Court finds that Integrity Counsel's conduct neither "unreasonably and vexatiously" multiplied the proceedings nor objectively manifested intentional or reckless disregard of their duties to the Court. As such, Plaintiff's Motion is denied.

## I.　　BACKGROUND

　　Plaintiff Live Face on Web, LLC ("LFOW" or "Plaintiff"), develops and licenses computer software that allows websites to display a video of a walking, talking spokesperson ("Virtual Greeter Video"). At issue in this case was Version 7.0.0 of

LFOW's software ("LFOW Code"), which is computer code producing the Virtual Greeter Video on webpages when persons visit a website that uses the LFOW Code. Plaintiff asserted that its registered copyright # TXu001610441 protects the LFOW Code.

Defendant Integrity Solutions Group, Inc. ("Integrity" or "Defendant") is a Colorado corporation that develops private document sharing sites for use in construction projects. It maintains a website at programnetinc.com and uses a web developer, Speaking Analytics, Inc./10 Pound Gorilla to develop and manage its website. The web developer recommended that Defendant purchase a virtual greeter video to display in its website from another company, Tweople/Yakking Heads. Tweople/Yakking Heads created the video and gave the web developer software that enabled the virtual greeter video to appear on Integrity's website. Defendant asserts that it paid Tweople $159.00 for these services. Defendant's web developer implemented Tweople/Yakking Heads' software on Integrity's website.

On June 24, 2016, Plaintiff initiated this action and asserted one claim of copyright infringement under 17 U.S.C. § 501 against Defendant, alleging that Defendant used and distributed an infringing version of its LFOW Code that is protected by a copyright. (Doc. # 1.) It sought to recover actual damages, any profits of Integrity, and attorneys' fees and costs. (*Id.* at 52–54.)

Throughout this litigation, Integrity has denied infringement and asserted that Plaintiff did not have a valid copyright for the LFOW Code, that Plaintiff cannot demonstrate infringement, that Plaintiff cannot prove it suffered damages, and that Plaintiff cannot recover Integrity's profits as damages.

The Court held a five-day jury trial on October 1–5, 2018. (Doc. ## 199, 201, 202, 209, 210.) At the close of Plaintiff's case, Defendant moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a), which the Court denied. (Doc. # 202.) On October 5, 2018, the Jury returned a verdict in favor of Plaintiff on its copyright infringement claim, awarding Plaintiff $262,197.00 for the copyright infringement claim. (Doc. ## 215, 216.) On October 5, 2018, the Court entered final judgment in favor of Plaintiff and against Defendant (Doc. # 217), and on October 19, 2018, the Clerk of the Court taxed Defendant with $8,763.75 in costs (Doc. # 226).

Thereafter, the parties filed a number of post-trial motions on which this Court ruled in its Order on Post Trial Motions (Doc. # 330) on September 30, 2019. Subsequently, both parties have filed another slew of motions, including Plaintiff's Motion for Sanctions (Doc. # 332), and relatedly Integrity Counsel's Motion to Intervene (Doc. # 356) and Motion Under Federal Rule of Civil Procedure 60(b) for Relief from Judgment (Doc. # 335), and Plaintiff's Motion to Restrict Public Access Pursuant to D.C.COLO.LCivR 7.2 (Doc. # 364). Because resolution of the Motion for Sanctions will affect these other pending motions, the Court first addresses it.

## II. LEGAL STANDARD

28 U.S.C. § 1927 provides that:

> Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any cases unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

§ 1927 sanctions apply only "to the multiplication of proceedings and not the initiation of

proceedings, *Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1224 (10th Cir. 2006) (collecting cases), and should be imposed only "in instances evidencing serious and studied disregard for the orderly process of justice[,]" *Dreiling v. Peugeot*, 768 F.2d 1159, 1165 (10th Cir. 1985); *see also AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997) (explaining § 1927 is an "extreme standard"). Vexatious means "without reasonable or probable cause or excuse; harassing; annoying." *United States v. Lain*, 640 F.3d 1134, 1137 (10th Cir. 2011) (quoting Black's Law Dictionary 1596 (8th ed. 2004)).

The purpose of § 1927 is to incentivize "attorneys to regularly re-evaluate the merits of their claims and to avoid prolonging meritless claims." *Steinert*, 440 F.3d at 1224. Indeed, the "text of § 1927 . . . indicates a purpose to compensate victims of abusive litigation practices, not to deter and punish offenders[,]" *Hamilton, v. Boise Cascade Exp.*, 519 F.3d 1197, 1206 (10th Cir. 2008), and "allows a court to require an attorney to 'satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of [vexatiously multiplicative] conduct.'" *Id.* (quoting 28 U.S.C. § 1927) (additions in original). The "power to assess costs against an attorney under § 1927 . . . is a power that must be strictly construed. *Braley v. Campbell*, 832 F.2d 1503, 1512 (10th Cir. 1987).

Although the Tenth Circuit has held that § 1927 "does not require a finding of bad faith[,]" sanctionable conduct still includes "any conduct that, 'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court[.]" *Hamilton*, 519 F.3d at 1202 (quoting *Braley*, 832 F.2d at 1512). An award under § 1927 is appropriate when "an attorney acts recklessly or with indifference to the law; is cavalier

4

or bent on misleading the court; intentionally acts without a plausible basis; or when the entire course of the proceedings is unwarranted." *Eberly v. Manning*, 258 F. App'x 224, 227 (10th Cir. 2007). But by no means was § 1927 intended to "dampen the legitimate zeal of an attorney in representing his client." *Braley*, 832 F.2d at 1511 (quoting H.R. Conf. Rep. No. 1234, 96th Cong., 2d Sess. 8, *reprinted in* 1980 U.S. Code Cong. & Ad. News 2716, 2781–72 (discussing 1980 amendments)).

Section 1927 sanctions target unreasonable and vexatious conduct that multiplies proceedings. *See Braley*, 832 F.2d at 1511–12. The Tenth Circuit has approved, and this Court has permitted, recovery of § 1927 sanctions where moving parties seek to recover only those reasonable attorneys' fees and costs related to the multiplied proceedings that resulted from counsel's unreasonable and vexatious conduct. *Steinert*, 440 F.3d at 1221 (affirming in part district court's award of § 1927 sanctions arising from reasonable attorneys' fees incurred from responses to repeated requests for extensions that delayed the litigation); *Hamilton*, 519 F.3d at 1201, 1207–08 (affirming district court's award of § 1927 sanctions for reasonable attorneys' fees incurred from responding to motion to enforce settlement agreement because claim was predicated on misinterpretation of settlement agreement that "no reasonable attorney could have misinterpreted"); *Timmons v. Lockheed Martin Corp.*, No. 11-cv-03408-CMA-KMT, 2014 WL 235597, at *3 (D. Colo. Jan. 22, 2014) (granting § 1927 motion for sanctions against plaintiff for attorneys' fees arising from multiplied proceedings, i.e., filing a reply, motion to strike plaintiff's response, and reply to amended response, that occurred after plaintiff received motion for summary judgment and should have dismissed claim); *United States ex rel.*

5

*Superior Steel Connectors Corp. v. RK Specialties Inc.*, No. 11-cv-01488-CMA-MEH, 2012 WL 3264296, at *2 (D. Colo. Aug. 10, 2012) (granting § 1927 motion for sanctions and awarding defendant's reasonable attorneys' fees against plaintiff for amount in connection with having to respond to plaintiff's motion for reconsideration where motion for reconsideration was without merit, contained no case law, or any argument remotely related to standard set forth under Tenth Circuit authority). Indeed, these sanctions include only attorneys' fees, costs, and expenses that would not have been incurred but for the attorneys' misconduct. *Auto-Owners Ins. Co. v. Summit Park Townhome Assoc.*, 886 F.3d 863, 872–73 (10th Cir. 2018) (affirming district court's award of § 1927 sanctions where district court declined to award attorneys' fees incurred that would have occurred regardless of attorney's misconduct).

The Tenth Circuit has articulated a framework that governs a district court's decision to impose sanctions under § 1927. The district court "must sufficiently express the basis for sanctions imposed to identify the excess costs reasonably incurred by the party to whom they will be due." *Braley*, 832 F.2d at 1504. These specific findings are necessary for several reasons. "First, because there must be an express basis for imposition—'multiplicity' under § 1927, for example—the court must identify the extent of the multiplicity resulting from the attorney's behavior and the costs arising therefrom. Second, because the person sanctioned is entitled to notice and opportunity to be heard, the objectionable conduct must be identified sufficiently to make the opportunity to respond meaningful. Finally, the reasons for the decision must be in a form reviewable by the appellate courts." *Id.*

## III. DISCUSSION

### A. SECTION 1927 SANCTIONS

Plaintiff seeks sweeping relief under § 1927—holding Integrity Counsel personally liable for **all** of Plaintiff's expenses, costs, and reasonable attorneys' fees that were incurred throughout this **entire** litigation. (Doc. # 332 at 13; Doc. # 352 at 6.) Plaintiff suggests that four reasons justify this request. First, Plaintiff argues that, instead of conceding liability, Integrity Counsel proffered "frivolous liability theories" and used flawed expert testimony in support thereof, thus multiplying the proceedings. (Doc. # 332 at 5.) Specifically, Plaintiff recalls that Integrity's repeated arguments that it was not liable for direct infringement contravened governing law and the evidence that was revealed at trial. (*Id.* at 6–8.) Next, Plaintiff contends that, because Integrity conceded its affirmative defenses after Plaintiff's summary judgment motion was filed and the Court dismissed Integrity's remaining affirmative defenses at trial, Integrity's affirmative defenses must have been objectively unreasonable and lacked merit throughout the entire litigation. (*Id.* at 9.) Moreover, Plaintiff posits that Integrity Counsel proffered "no colorable defense to damages" throughout two years of litigation and that Integrity's defense against damages "ignored the facts" and were objectively unreasonable "if not frivolous." (*Id.* at 10–11.) Finally, Plaintiff asserts that Integrity Counsel's litigation misconduct "unnecessarily complicated this action and made it more difficult and expensive to proceed." (*Id.* at 11–13.) This conduct included sanctions arising from a Federal Rule of Civil Procedure 30(b)(6) deposition (*id.* at 11) and an award of attorneys' fees against Integrity resulting

from its violations of the Protective Order that governed the action (*id.* at 12–13).[1]

Integrity Counsel press several arguments in response to the instant motion, all of which challenge Plaintiff's ability to meet its "extreme" burden. (Doc. # 350.) They primarily object to Plaintiff's failure to delineate what excess or multiple proceedings arose from their alleged unreasonable and vexatious conduct. (*Id.* at 12, 21.) Furthermore, Integrity Counsel assert that this Court's previous determination that Defendant held unreasonable positions and committed litigation misconduct does not mean that such conduct constitutes unreasonable and vexatious conduct that multiplied the proceedings. (*Id.* at 8–15.) Moreover, Integrity Counsel contend that their zealous advocacy and defense of the claims against Plaintiff do not amount to vexatious conduct that was perpetrated in bad faith. (*Id.* at 12–13.) Rather, Integrity Counsel aver that, although the Court disagreed with and rejected some of Defendant's positions, their arguments were objectively reasonable given contrasting legal authority in support of some of these defenses. (*Id.* at 9–12.) Finally, Integrity Counsel argue that § 1927 sanctions do not permit either duplicative attempts to recover or recovery of attorneys' fees awarded for previous misconduct committed by Integrity. (*Id.* at 18–19.)

As a threshold matter, the Court agrees with Integrity Counsel's chief argument—that Plaintiff fails to establish sufficient reasons to justify holding Integrity Counsel personally liable for Plaintiff's expenses, costs, and reasonable attorneys' fees incurred for the **entire** litigation. (*Id.* at 3–4, 7–8, 19.) Plaintiff's far-reaching request is unprecedented under Tenth Circuit precedent or this Court's previous rulings. Plaintiff

---

[1] The Court provided extensive background to these instances of litigation misconduct in its September 30, 2019 Order. *See* (Doc. # 330 at 38–43).

8

fails to cite, and this Court has not found, any instance in which the Tenth Circuit affirmed a district court's award of such relief under § 1927. *See, e.g., Steinert*, 440 F.3d at 1221 (affirming award of § 1927 sanctions for reasonable attorneys' fees incurred from responses to repeated requests for extensions of time); *Hamilton*, 519 F.3d at 1201, 1207–08 (affirming district court's award of § 1927 sanctions for reasonable attorneys' fees arising out of a motion to enforce settlement agreement); *Auto-Owners Ins. Co.*, 886 F.3d at 872 (affirming § 1927 award of attorneys' fees for work related to objection to component of appraisal but not for work related to appraisal process itself). Similarly, this Court has never awarded or considered § 1927 sanctions in the form of reasonable attorneys' fees, expenses, and costs incurred throughout the entirety of litigation. *Timmons*, 2014 WL 235597, at *3 (granting § 1927 sanctions for attorney's fees and costs arising from multiplied proceedings and related briefing thereto); *United States ex rel. Superior Steel Connectors Corp.*, 2012 WL 3264296, at *2 (granting § 1927 sanctions for reasonable attorneys' fees against plaintiff for amount in connection with having to respond to plaintiff's motion for reconsideration where motion for reconsideration was without merit); *Rasmussen v. Thorne*, No. 13-cv-02557-CMA-CBS, 2015 WL 4652781, at *6 (D. Colo. Aug. 6, 2015) (denying § 1927 sanctions for attorneys' fees and costs related to discovery disputes); *McKinley Med., LLC v. Medmarc Cas. Ins. Co.*, No. 11-cv-01218-CMA-KMT, 2012 WL 987821, at *8–9 (D. Colo. Mar. 23, 2012) (denying § 1927 sanctions where motion was predicated on merits of legal sufficiency of claims and issues that were beyond that stage of litigation).

As to the instant motion, Plaintiff fails to demonstrate that § 1927 sanctions of this

9

magnitude are warranted. In addition to offering no legal authority in support of its request, Plaintiff fails to highlight any circumstances justifying this award. Because § 1927 sanctions apply only "to the multiplication of proceedings and not the initiation of proceedings," *Steinert*, 440 F.3d at 1224, it defies logic to then utilize § 1927 to apply to Integrity Counsel's response to Plaintiff's "initiation of proceedings." In essence, Plaintiff's argues that Integrity should have conceded liability upon first notice of Plaintiff's claim. (Doc. # 332 at 5; Doc. # 352 at 3.) But § 1927 was not intended to stymie zealous advocacy. *Braley*, 832 F.2d at 1511. To merit the relief requested, Plaintiff would have to convince this Court that Integrity Counsel's conduct was so unreasonable and vexatious that it multiplied proceedings that represented the **entire** litigation itself. That position is baffling given this Court's denials of Plaintiff's Motion for Summary Judgment (Doc. # 164) and Motion for Reconsideration of the same (Doc. # 168). Thus, Plaintiff would have incurred costs, expenses, and attorneys' fees related to discovery and summary judgment proceedings regardless of Integrity Counsel's alleged misconduct. Therefore, those expenses alone are incontrovertibly unrecoverable under § 1927. *Auto-Owners Ins. Co.*, 886 F.3d at 872.

    Under Plaintiff's belief, that Integrity even defended itself is purportedly an affront to the judicial process. *See* (Doc. # 332 at 2–3, 13; Doc. # 352 at 3). The Court disagrees. Although the Court rejected several of Integrity's positions throughout this litigation and concluded that some of those positions were objectively unreasonable based on when such positions were raised throughout the litigation (Doc. # 330 at 34–38), these positions did not multiply the proceedings. That Integrity survived summary judgment

illustrates that several of Integrity Counsel's arguments held merit and do not evidence "serious and studied disregard for the orderly process of justice." *Dreiling*, 768 F.2d at 1165. As such, where the evidence shows that Integrity Counsel did not act "recklessly or with indifference to the law," or "intentionally act without a plausible basis[,]" *Eberly*, 258 F. App'x at 227, this Court is hard pressed for a reason as to why Plaintiff is entitled to hold Integrity Counsel personally liable for Plaintiff's reasonable attorneys' fees, expenses, and costs that were incurred throughout this **entire** litigation.

Additionally, Plaintiff perplexingly fails to identify the proceedings that were multiplied as a result of Integrity Counsel's alleged unreasonable and vexatious conduct. This glaring omission demonstrates that Plaintiff is not entitled to relief under § 1927 as the Tenth Circuit has articulated that a party is entitled to recover only excess costs, expenses, and reasonable attorneys' fees that would not have been incurred but for the multiplied proceedings caused by Integrity Counsel's misconduct. *Auto-Owners Ins. Co.*, 886 F.3d at 872–73. Indeed, pursuant to Tenth Circuit precedent, Plaintiff should have delineated which of Integrity Counsel's conduct constituted unreasonable and vexatious conduct, what proceedings were multiplied as a result of that conduct, and what excess expenses were incurred for such multiplied proceedings. *Braley*, 832 F.2d at 1504; *Steinert*, 440 F.3d at 1221; *Hamilton*, 519 F.3d at 1201, 1207–08. But Plaintiff did no such thing; and it is not the Court's role to decipher the record and extrapolate therefrom arguments addressing excess expenses that Plaintiff should have made in the first place. Thus, even if Plaintiff set forth unreasonable and vexatious conduct committed by Integrity Counsel, there is no evidence with which to connect the dots between such

conduct and multiplied proceedings. As such, Plaintiff's Motion for Sanctions is denied.

In summary, Plaintiff went all in on its belief that its disdain for Integrity Counsel's defense strategy justifies an unprecedented sanctions award under § 1927. It does not. Although the Copyright Act permitted this Court to find that an amalgamation of some of Integrity's litigation conduct[2] and positions merited an award of attorneys' fees and costs against Integrity, § 1927 does not authorize that same conduct to justify holding Integrity Counsel personally liable for the same award. Accordingly, Plaintiff's Motion for Sanctions is denied.

## B. STANDING TO INTERVENE AND FILED A RULE 60(B) MOTION

The Court's denial of Plaintiff's Motion for Sanctions bears consequences for several outstanding motions filed. On January 13, 2020, Integrity Counsel filed their Motion Under Rule 60(b) for Relief from Judgment (Doc. # 355). The next day, they filed a Motion to Intervene (Doc. # 356) in this action after they withdrew as counsel for Integrity given the conflict between Integrity Counsel and Integrity that arose from Plaintiff's Motion for Sanctions. *See* (Doc. ## 337, 339–40, 343–45). Integrity Counsel's sole basis for asserting that they have standing to intervene and file the Rule 60(b) Motion was that Plaintiff's Motion for Sanctions was pending and that Plaintiff sought "a finding that [Plaintiff's] attorney fees should be assessed against" Integrity Counsel under § 1927, "jointly and severally, with Integrity." (Doc. # 356 at 3.) Specifically, Integrity

---

[2] The Court notes that Plaintiff previously attempted to recover its attorneys' fees and costs as sanctions for Integrity's violation of Rule 30(b)(6); however, although Magistrate Judge Varholak granted relief for such violations, he declined to award attorneys' fees. (Doc. # 91.) Additionally, Plaintiff has already recovered an award of attorneys' fees against Integrity as a sanction for its violation of a Protective Order. (Doc. # 124.) Thus, such conduct is hardly dire enough to warrant an award of Plaintiff's attorneys' fees that were incurred for this entire litigation.

Counsel represented that it had "an obvious interest in not being subjected to an order to pay [Plaintiff's] attorneys' fees where, as here, the pending motion is directed against counsel." (Doc. # 356 at 3.) Thus, if Integrity Counsel's Rule 60(b) motion was successful, Integrity Counsel would not be liable for attorneys' fees under Plaintiff's Motion for Sanctions. (*Id.*)

Now that Plaintiff's Motion for Sanctions has been denied, Integrity Counsel lacks standing to intervene in this proceeding and file a Rule 60(b) Motion. *See* Fed. R. Civ. P. 24(a)(2) ("On timely motion, the court must permit anyone to intervene who: . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest"). As such, both Motions are denied. Additionally, the pending dispute as to whether Plaintiff's Response to Integrity Counsel's Rule 60(b) Motion should be restricted is now moot. Accordingly, Plaintiff's Motion to Restrict Public Access Pursuant to D.C.COLO.LCivR 7.2 (Doc. # 364) is denied as moot.

The Court observes that President of Integrity Solutions Group, Inc., Mike Kirschbaum, attempted to contact the Court via e-mail regarding Plaintiff's Motion to Restrict and its response to Integrity Counsel's Rule 60(b) Motion on March 10, 2020. The Court disregarded this communication because it was both improper and impermissible. "As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se." *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556–57 (10th Cir.

13

2001). Integrity Counsel represented that they communicated this well-established principle to Integrity on October 15, 2019. (Doc. # 337 at 2, ¶ 6; Doc. # 337-1 at 2, ¶ 8.) This well-established principle remains true; Integrity must obtain counsel if it wishes to participate in this litigation. Until then, Mr. Kirschbaum's attempt to communicate with the Court via e-mail was inappropriate and violative of Tenth Circuit precedent and this Court's Civil Practice Standards. CMA Civ. Practice Standard 1.2(a)–(c). As such, any future improper communication by Integrity or its officers may result in sanctions.

## IV. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's Motion for Sanctions under 28 U.S.C. § 1927 (Doc. # 332) is DENIED;

2. Integrity Counsel's Motion to Intervene (Doc. # 356) is DENIED:

3. Integrity Counsel's Motion under Federal Rule of Civil Procedure 60(b) for Relief from Judgment (Doc. # 355) is DENIED for lack of standing; and

4. Plaintiff's Motion to Restrict Public Access Pursuant to D.C.COLO.LCivR 7.2 (Doc. # 364) is DENIED as MOOT.

DATED: March 19, 2020

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge