# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Christine M. Arguello

Civil Action No. 16-cv-01627-CMA-STV

LIVE FACE ON WEB, LLC, a Pennsylvania company,

    Plaintiff,

v.

INTEGRITY SOLUTIONS GROUP, INC.,

    Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

---

This matter is before the Court on Plaintiff Live Face on Web, LLC's ("Plaintiff") Motion for Attorneys' Fees, (Doc. # 351), wherein Plaintiff seeks $383,514 in attorneys' fees, and $62,202.53 in expert witness fees against Defendant Integrity Solutions Group, Inc. ("Defendant"). For the reasons that follow, the Court grants the Motion as to the requested attorneys' fees but denies the Motion as to the request for an upward lodestar adjustment and an award of expert witness fees.

## I.    BACKGROUND

Plaintiff filed this action in June 2016, alleging copyright infringement against Defendant. (Doc. # 1.) After extensive motion practice and a trial before a jury, judgment was entered in favor of Plaintiff on October 5, 2018. Shortly thereafter, Plaintiff moved for attorneys' fees and full costs under 17 U.S.C. § 505. (Doc. # 225.) On September

30, 2019, the Court granted Plaintiff's Motion for Fees and Full Costs and ordered Plaintiff to submit its request for reasonable attorneys' fees and costs, with supporting documentation, by November 1, 2019. Plaintiff subsequently timely filed a Motion to Assess Attorneys' Fees on Behalf of Plaintiff. (Doc. # 351.) Defendant's Response, (Doc. # 353), and Plaintiff's Reply, (Doc. # 354), duly followed.

In its Motion, Plaintiff claims that Defendant's litigation strategy created unnecessary motion practice, that Defendant pursued legally and factually meritless defenses with no basis in law or fact, and that Defendant took objectively unreasonable positions throughout the litigation. (Doc. # 351 at 2–3.) Plaintiff contends, therefore, that it incurred costs it should not have had to bear, (*id.* at 3), and calculated its total fees as $255,676.[1] (Doc. # 351 at 12.) Plaintiff further claims that, because it took this case on a contingency basis, the Court can and should increase its fees by applying a 1.5x multiplier. (Doc. # 351 at 10–12.) Plaintiff also requests expert witness fees pursuant to 28 U.S.C. § 1927. (Doc. # 351 at 12–14.) In its Response, Defendant contends that none of its positions during the litigation were adopted in bad faith, (Doc. # 353 at 3–4), and that Plaintiff's fee calculation includes fees for hours that Plaintiff's attorneys spent working not only this case, but also on other cases. (Doc. # 353 at 4–5.) Defendant objects to Plaintiff's requested upward adjustment of its fees, (Doc. # 354 at 5–6), and to its request for expert witness fees. (Doc. # 353 at 7–8.)

---

[1] The total fees include attorneys' fees of $255,600 and fees for paralegal services of $76. (Doc. # 351 at 12.)

## II. DISCUSSION

### A. REASONABLE ATTORNEYS' FEES

When evaluating a motion for attorneys' fees, the Court follows the three-step process set forth in *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983), *overruled on other grounds by Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711 (1987). The first step in determining a fee award is to determine the number of hours reasonably spent by counsel for the prevailing party. *Malloy v. Monahan*, 73 F.3d 1012, 1017 (10th Cir. 1996); *Ramos*, 713 F.2d at 553. The factors considered in a reasonableness determination include: (1) whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering; (2) whether the amount of time spent is reasonable in relation to counsel's experience; and (3) whether the billing entries are sufficiently detailed, showing how much time was allotted to a specific task. *Rocky Mountain Christian Church v. Bd. of Cty. Comm'rs of Boulder Cty.*, No. 06-cv-00554, 2010 WL 3703224, at *2–3 (D. Colo. Sept. 13, 2010).

Once the Court has determined the number of hours reasonably spent, it must then determine a reasonable hourly rate of compensation. *Ramos*, 713 F.2d at 555. "A reasonable rate is the prevailing market rate in the relevant community." *Malloy*, 73 F.3d at 1018 (citing *Blum v. Stenson*, 465 U.S. 885, 897 (1984)). The party seeking the award has the burden of persuading the court that the hours expended, and the hourly rate, are reasonable. *Id.*

The third step consists of multiplying the reasonable hourly rate by the number of hours reasonably expended to determine the "lodestar" amount. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

1. <u>Reasonableness of the Amount of Time Spent</u>

Plaintiff's declarations state that their attorneys and a paralegal spent a total of 535.9 hours litigating Plaintiff's claims. (Doc. # 351 at 12.) These hours included time spent researching, drafting, filing, communicating about, and litigating Plaintiff's claims over a two-year period. (Doc. # 351 at 11.)

Responding to Plaintiff's Motion, Defendant argues that "[Plaintiff] is not entitled to recover its attorneys' fees for work performed in other cases," (Doc. # 353 at 3), and directs the Court to "carefully review the fee application by counsel and inquire whether any of the tasks claimed here were for work done elsewhere," (*id.*). To support its contention and directive to the Court, Defendant makes conclusory allegations that: (1) Plaintiff's litigation strategy was identical in this case as it was in other cases; (2) Plaintiff has submitted identical documents to courts in other cases as it did to this Court; (3) that the computer code in dispute was identical in this case and in other cases; and (4) that the attorneys who worked on this case also worked on other similar cases. (*Id.* at 4–5.)

Although courts are obliged to exclude hours not reasonably expended from the fee award, courts need not "identify and justify every hour allowed or disallowed, as doing so would run counter to the Supreme Court's warning that a 'request for attorney's fees should not result in a second major litigation.'" *Malloy*, 73 F.3d at 1018 (quoting

*Hensley*, 461 U.S. at 437); *Fox v. Vice*, 563 U.S. 826, 838 (2011) ("The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection."). In the instant case, Plaintiff's counsel has satisfied its burden to "make a good faith effort to exclude from a fee request hours that are excessive, **redundant**, or otherwise unnecessary." *Hensley*, 461 U.S. at 434 (emphasis added). Plaintiff's counsel provided sworn testimony attesting to the time they spent working on "**this case**." (Doc. # 351-2 at 2; Doc. # 351-3 at 4.) Furthermore, Plaintiff retained Mr. Matava, an intellectual property attorney with more than 30 years of intellectual property litigation experience, to review Plaintiff's attorneys' time entries. (Doc. # 354 at 3.) Mr. Matava confirmed that the time entries for Plaintiff's attorneys were reasonable for this litigation and for the outcome achieved. (Doc. # 351 at 5–8.) Defendant fails to direct the Court to any specific time entries in Plaintiff's application that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434.

      The Court has reviewed the billing sheets and invoices submitted by Plaintiff's attorneys, (Docs. # 351-1 to 3), and the record of the litigation in this case. Considering both the Court's own knowledge of this kind of litigation and the testimony of Mr. Matava, the Court finds that the amount of time spent on each particular task is reasonable in light of the nature of this case, the strategies pursued by the parties, and the responses made necessary by Defendant's litigation strategies. The Court also finds that the amount of time spent litigating Plaintiffs' claims is reasonable in relation to the attorneys' experience. Plaintiff's attorneys' billing entries are sufficiently detailed and show how much time was allotted to each specific task. *See* (Doc. # 351-1 at 6).

5

Accordingly, the Court finds that the amount of time Plaintiff's attorneys declared as dedicated to litigating this case is reasonable. *See Rocky Mountain Christian Church*, 2010 WL 3703224, at *2–3.

### 2. Reasonableness of the Hourly Rate

The party seeking attorneys' fees bears the burden of producing "satisfactory evidence—in addition to the attorney's own affidavit—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 895 n.11. Although Plaintiff's declaration alone is insufficient evidence to prove the reasonableness of his requested rate, the affidavits presented by Plaintiff include rate information that is consistent with the Court's own knowledge of rates for the kind of work completed in the Denver metropolitan area. (Doc. ## 351-1–3.) Furthermore, independent testimony submitted by Plaintiff, *see* Discussion *supra* Section A.1., attests to the reasonableness of the hourly rate requested by Plaintiff's attorneys. The Court finds that the requested hourly rates are reasonable given the attorneys' experience, skill, and specialization.

### 3. The Lodestar

Plaintiff argues that the Court can and should apply a 1.5x multiplier to the lodestar because this case was taken on a contingency-fee basis. (Doc. # 351 at 10.) Except insofar as it complains about the alleged redundancy of work effort of Plaintiff's attorneys, Defendant does not contest the lodestar amount. *See* (Doc. # 353). Defendant does, however, dispute the application of a 1.5x multiplier. (Doc. # 353 at 4.) The Court declines Plaintiff's request to make an upward adjustment to the lodestar.

In the instant case, the Court determined that Plaintiff is entitled to an award of attorneys' fees pursuant to the fee-shifting provision of the Copyright Act. (Doc. # 303 at 38–45.) However, attorneys' fees awarded under fee-shifting statutes cannot be enhanced upwards to compensate for an attorney's risk of nonrecovery. *City of Burlington v. Dague*, 505 U.S. 557, 563–564 (1992).[2] Moreover, since *Dague,* the Supreme Court has acted to create and enforce a strong presumption that the lodestar calculation produces a fee award sufficient to encourage attorneys to pursue meritorious cases. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551–54 (2010) (describing six general rules for guiding a court's decision whether to apply a fee award enhancement). Pursuant to *Dague*, the Court may not enhance Plaintiff's lodestar on the basis of a contingency fee agreement.

Although lodestar enhancements "may be awarded in 'rare' and 'exceptional' circumstances," *id.* at 552, "a fee applicant seeking an enhancement must produce 'specific evidence' that supports the award," *id.* at 553. Plaintiff presents no evidence that qualifies the circumstances of this case as either "rare" or "exceptional"; rather, in this case, "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee." *Del. Valley Citizens' Council for Clean Air*, 478 U.S. at 566. Accordingly, the Court declines to apply the 1.5x multiplier requested by Plaintiff. The final fee award amount is, therefore, $255,676.

---

[2] Plaintiff relies on *Guardian Life Ins. Co. of Am. v. Wilds*, No. 12-cv-01215-WYD-KLM, 2014 WL 5293706, at *13 (D. Colo. Oct. 16, 2014) to support its contention that the Court can and should apply its recommended multiplier of 1.5x to the lodestar, (Doc. # 351 at 10), but *Wilds* "is not a statutory fee-shifting case." 2014 WL 5293706, at *12.

### B. EXPERT WITNESS FEES

Plaintiff's request for expert witness fees pursuant to 28 U.S.C. § 1920 was conditioned on the Court granting Plaintiff's Motion for Sanctions pursuant to 28 U.S.C. § 1927. (Doc. # 332.) The Court denied Plaintiff's Motion for Sanctions on March 19, 2020. (Doc. # 370.) Therefore, the Court denies Plaintiff's request for expert fees.

### III. CONCLUSION

For the foregoing reasons, it is ORDERED that Plaintiffs' Motion for Attorneys' Fees (Doc. # 351) is GRANTED IN PART and DENIED IN PART as follows:

- The Motion is GRANTED as to Plaintiff's request for attorneys' fees and costs in the amount of $255,676;

- Accordingly, judgment shall enter in favor of Plaintiffs and against Defendant in the amount of **$255,676.00**; and

- The Motion is DENIED as to Plaintiff's request for upward enhancement of the lodestar and expert witness fees.

DATED: July 14, 2020

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge

8